IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
PATRICIA AHMADYAR, an              )
individual, AHMAD AHMADYAR, an     )   2:09-cv-02063-GEB-EFB
individual,                        )
                                   )
          Plaintiffs,              )   ORDER DISMISSING CASE FOR
                                   )   FAILURE TO PROSECUTE
     v.                            )
                                   )
FIRST HORIZON HOME LOANS, a        )
Texas corporation and a division   )
of First Tennessee Bank National   )
Association,                       )
                                   )
          Defendant.                )
_____  )
```

Since Plaintiffs have disregarded two court orders and failed to prosecute their case, Plaintiffs' claims will be dismissed with prejudice. The procedural background and basis for the dismissal follows.

Plaintiffs' claims were dismissed in an order filed March 25, 2010, in which Plaintiffs were provided fourteen days to file an amended complaint. Plaintiffs, however, did not file an amended complaint. Therefore an order issued on August 5, 2010, stating:

> Plaintiffs have not filed an amended pleading or otherwise participated in this litigation. This case, therefore, has languished on the Court's docket without action for over four months. Accordingly, Plaintiffs shall file an explanation no later than August 11, 2010 at 4:30 p.m., stating

1

1 |           why their case should not be dismissed with
2 |           prejudice under Federal Rule of Civil Procedure
  |           41(b) for their failure to prosecute. [citation
3 |           omitted.] If Plaintiffs fail to file a timely and
  |           satisfactory explanation, this action shall be
  |           dismissed with prejudice.
4
5 (Docket No. 50 2:1-13.)  Plaintiffs failed to file a timely response,
6 and to date, have not responded to the August 5, 2010 order.
7          A "district court has the inherent power [to] sua sponte
8 dismiss a case for lack of prosecution." Henderson v. Duncan, 779
9 F.2d 1421, 1424 (9th Cir. 1986) (citing Ash v. Cvetkov, 739 F.2d, 493,
10 496 (9th Cir. 1984)).  Dismissal, however, "is a harsh penalty" and a
11 district court must "weigh several factors in determining whether to
12 dismiss [a] case for lack of prosecution: "(1) the public's interest
13 in expeditious resolution of litigation; (2) the court's need to
14 manage its docket; (3) the risk of prejudice to the defendants; (4)
15 the public policy favoring disposition of cases on their merits and
16 (5) the availability of less drastic sanctions." Id. (citations
17 omitted).
18          The first and second factors weigh in favor of
19 dismissal because Plaintiffs' non-compliance with above referenced
20 orders has impaired the public's interest in expeditious resolution of
21 litigation and undermines the Court's ability to manage its docket.
22 See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)
23 ("the public's interest in expeditious resolution of litigation always
24 favors dismissal"); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.
25 2002) (stating that "[i]t is incumbent upon the Court to manage its
26 docket without being subject to routine noncompliance of litigants").
27          The third factor concerning the risk of prejudice to the
28 defendants considers the strength of a plaintiff's excuse for non-

compliance. See Pagtalunan, 291 F.3d at 642-43 (stating that "the risk of prejudice [is related] to the plaintiff's reason for defaulting"). Since Plaintiffs have not provided an excuse for their non-compliance, the third factor also favors dismissal.

The fourth factor concerning the public policy favoring disposition of cases on their merits, weighs against dismissal of Plaintiffs' case. Pagtalunan, 291 F.3d at 643 ("[p]ublic policy favors disposition of cases on the merits").

The fifth factor concerning whether the Court has considered less drastic sanctions, weighs in favor of dismissal. This is because Plaintiffs failed to amend their complaint within the time prescribed in the March 25, 2010 dismissal order, and to heed the warning in the August 5, 2010 order that if they failed to timely explain why this action should not be dismissed with prejudice it shall be dismissed with prejudice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (stating "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

Since the balance of the factors strongly favors dismissal of this case with prejudice, Plaintiffs' claims are dismissed with prejudice and this case shall be closed.

Dated: September 12, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge